UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT HOGAN (#106177)

VERSUS                                                    CIVIL ACTION

JAMES LEBLANC, ET AL                                      NUMBER 10-495-RET-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 12, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT HOGAN (#106177)

VERSUS                                             CIVIL ACTION

JAMES LEBLANC, ET AL                               NUMBER 10-495-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion to Dismiss filed on behalf of James LeBlanc, Burl Cain and Larry Simon.  Record document number 14.  The motion is not opposed.

**Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Sgt. C. Jackson, Sgt. Larry Simon[1], Dr. Roundtree, Dr. Corban and several unidentified doctors.

Plaintiff alleged that on December 8, 2009, he was injured when the vehicle in which he was a passenger was involved in an accident with another vehicle.  Plaintiff alleged that Sgt. Jackson and Sgt. Simon were negligent when they failed to fasten his seat belt prior to the accident.

Plaintiff alleged that following the accident he was taken to

---

[1] He was identified as Sgt. Simmon in the complaint.

the prison infirmary where x-rays were taken and he was administered pain medication.  Plaintiff alleged that he asked Dr. Roundtree if he could speak with him, but Dr. Roundtree said he was too busy, made a derogatory comment and walked away.  Plaintiff alleged that he made several more requests for medical attention but Dr. Roundtree failed to examine him or conduct any further tests.

Plaintiff alleged that in January and February 2010, he was seen by an unidentified doctor for complaints of neck pain.  Plaintiff alleged that the unidentified doctor failed to examine him or assess his damages.

Plaintiff alleged that on April 9 and May 6, 2010, he was examined by Dr. Corban.  Plaintiff alleged that Dr. Corban advised the plaintiff to perform shoulder rolling exercises and assured him that the pain would eventually be relieved.

Plaintiff alleged that on June 30, he was examined by an unidentified doctor for complaints of neck pain.  Plaintiff alleged the unidentified doctor failed to examine him or assess his damages.

Defendants Secretary LeBlanc, Warden Cain and Sgt. Simon moved to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P.

## Applicable Law

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled

3

to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94, 127 S.Ct. at 2200 (citations omitted). But even a pro se complainant must plead "factual matter" that permits the court to infer "more than the mere possibility of misconduct." *Iqbal*, 129 S.Ct. at 1950. The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

Plaintiff alleged that Sgt. Simon was negligent when he failed to fasten the plaintiff's seat belt prior to the accident.

The due process clause is not implicated by a state official's negligent act causing unintended injury to life, liberty or property. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

### Analysis

Plaintiff named Secretary LeBlanc and Warden Cain as defendants but failed to allege any facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between

4

the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' Motion to Dismiss be granted and the claims against them be dismissed without prejudice to any state law claims against Secretary LeBlanc, Warden Cain and Sgt. Simon.

Baton Rouge, Louisiana, November 12, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE