UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT HOGAN (#106177)

VERSUS                                            CIVIL ACTION

JAMES LEBLANC, ET AL                              NUMBER 10-495-RET-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 12, 2010.

*[signature: Stephen C. Riedlinger]*

        STEPHEN C. RIEDLINGER
        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT HOGAN (#106177)

VERSUS

JAMES LEBLANC, ET AL

CIVIL ACTION

NUMBER 10-495-RET-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed on behalf of Dr. Shay Corban.  Record document number 15.  The motion is not opposed.

**Background**

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Sgt. C. Jackson, Sgt. Larry Simon[1], Dr. Roundtree, Dr. Corban and several unidentified doctors.

Plaintiff alleged that on December 8, 2009, he was injured when the vehicle in which he was a passenger was involved in an accident with another vehicle.  Plaintiff alleged that Sgt. Jackson and Sgt. Simon were negligent when they failed to fasten his seat belt prior to the accident.

---

[1] He was identified as Sgt. Simmon in the complaint.

Plaintiff alleged that following the accident he was taken to the prison infirmary where x-rays were taken and he was administered pain medication. Plaintiff alleged that he asked Dr. Roundtree if he could speak with him, but Dr. Roundtree said he was too busy, made a derogatory comment and walked away. Plaintiff alleged that he made several more requests for medical attention but Dr. Roundtree failed to examine him or conduct any further tests.

Plaintiff alleged that in January and February 2010, he was seen by an unidentified doctor for complaints of neck pain. Plaintiff alleged that the unidentified doctor failed to examine him or assess his damages.

Plaintiff alleged that on April 9 and May 6, 2010, he was examined by Dr. Corban. Plaintiff alleged that Dr. Corban advised the plaintiff to perform shoulder rolling exercises and assured him that the pain would eventually be relieved.

Plaintiff alleged that on June 30, he was examined by an unidentified doctor for complaints of neck pain. Plaintiff alleged the unidentified doctor failed to examine him or assess his damages.

Dr. Corban moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding the claims against him before bringing his suit. Dr. Corban relied on a statement of undisputed facts, the affidavit of

Rhonda Z. Waldon, and the results of Administrative Remedy Procedure (hereinafter ARP) LSP-2010-0045.

## Applicable Law

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must

exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act (PLRA) does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

The primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to

address the problem that will later form the basis of the suit. *Id.*

## Analysis

Plaintiff alleged that he filed an administrative grievance on December 28, 2009. The summary judgment evidence showed that the plaintiff filed LSP-2010-0045 on December 28, 2009, complaining that Sgt. Jackson and Dr. Roundtree were negligent.[2] Specifically, the plaintiff complained that Sgt. Jackson was negligent when she failed to fasten the plaintiff's seat belt prior to the December 18, 2009. Plaintiff complained that following the accident he was taken to the prison infirmary. Plaintiff complained that Dr. Roundtree failed to examine his neck and refused to speak with him in the emergency room.

The summary judgment evidence showed that the plaintiff's administrative grievance failed to provide administrators with a fair opportunity to address the plaintiff's claim that Dr. Corban was deliberately indifferent to the plaintiff's serious medical needs, a claim which later formed the basis of the plaintiff's suit against Dr. Corban.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary

---

[2] Record document number 15-3, p. 10.

judgment.  *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984).

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's Motion for Summary Judgment be granted and the claims against Dr. Shay Corban be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the claims in forma pauperis status.[3]  It is further recommended that the court decline to exercise supplemental jurisdiction over any state law claim against Dr. Corban.

Baton Rouge, Louisiana, November 12, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[3] *Underwood v. Wilson*, 151 F.3d at 296.

6