UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT HOGAN (#106177)

VERSUS                                        CIVIL ACTION

JAMES LEBLANC, ET AL                          NUMBER 10-495-JJB-SCR

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, November 16, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ELLIOT HOGAN (#106177)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 10-495-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the Motion for Summary Judgment filed by defendant Dr. Jonathan Roundtree. Record document number 43. No opposition has been filed.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Burl Cain, Sgt. C. Jackson, Sgt. Larry Simon, Dr. Roundtree, Dr. Corban and several unidentified doctors. Plaintiff alleged that following a motor vehicle accident he was denied adequate medical treatment in violation of his constitutional rights.[1]

Defendant Dr. Jonathan Roundtree moved for summary judgment relying on a statement of undisputed facts, the affidavit of Dr. Randy Lavespere and copies of the plaintiff's medical records.

---

[1] C. Jackson and the unidentified John Doe doctors were not served with the summons and complaint. Plaintiff's claims against Dr. Corban, Secretary LeBlanc, Warden Cain, and Sgt. Simon were previously dismissed. Record document numbers 21 and 22.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that on December 8, 2009, while confined at Louisiana State Penitentiary, he was injured when the vehicle in which he was a passenger was involved in an accident with another vehicle. Plaintiff alleged that following the accident he was taken to the prison infirmary where x-rays were taken and he was administered pain medication. Plaintiff alleged that he asked to speak with Dr. Roundtree, but Dr. Roundtree said he was too busy , made a derogatory comment and then walked away. Plaintiff alleged that he made several more requests for medical attention but Dr. Roundtree failed to conduct an examination any perform additional tests.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). It is well established that whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, *supra*;

2

*Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen*, *supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado*, *supra*.

The summary judgment evidence showed that following a minor motor vehicle accident the plaintiff was brought to the medical facility at the penitentiary where cervical spine x-rays were ordered and processed.[2] The x-rays were negative and the plaintiff was treated with a non-steroidal injection.[3]

Plaintiff continued to voice complaints of neck pain. Plaintiff's medical records showed that the plaintiff was evaluated at the orthopedic clinic for complaints of neck pain on May 12, July 21, and December 1, 2010.[4] Plaintiff was also referred to the neurology department for evaluation of his chronic neck pain.[5] In addition, the plaintiff's medical records showed that he was evaluated at the physician's clinic and at sick call numerous in the months following the accident. Plaintiff was prescribed

---

[2] Record document numbers 43-3, affidavit Dr. Randy Lavespere; record document number 43-4, plaintiff's medical records, pp. 37-38.

[3] *Id.*

[4] *Id.* at 52, 72 and 79.

[5] *Id.* at 75.

medication and physical therapy.[6]

There is absolutely no evidence in the record that Dr. Roundtree was deliberately indifferent to the plaintiff's serious medical needs. Defendant is entitled to summary judgment as a matter of law.

Plaintiff has neither opposed the evidence offered in this matter nor submitted any fact showing that there is an issue for trial. It is clear that a party may not rest upon mere allegations or denials of his pleadings in opposing a motion for summary judgment. *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986); *Fontenot v. Upjohn Company*, 780 F.2d 1190 (5th Cir. 1986); *John Hancock Mut. Life Ins. v. Johnson*, 736 F.2d 315 (5th Cir. 1984). Plaintiff sought to invoke the supplemental jurisdiction of this court. District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons. 28 U.S.C. § 1367.

RECOMMENDATION

It is the recommendation of the magistrate judge that the

---

[6] *Id.*

defendant's Motion For Summary Judgment be granted and this action be dismissed. It is further recommended that the court decline to exercise supplemental jurisdiction over any state law claim against Dr. Roundtree.

It is further recommended that the claims against C. Jackson and the unidentified John Doe doctors be dismissed for failure to prosecute pursuant to Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, November 16, 2011.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE